Charles W. Coe
LAW OFFICE OF CHARLES W. COE
805 W 3rd Avenue, Suite #100
Anchorage, Alaska 99501
Ph: (907) 276-6173
Fax: (907) 279-1884
charlielaw@gci.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN SANKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case 3:07-cv-_____ (____) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | **COMPLAINT** |
| _____) | |

COMES NOW, the plaintiff, JOHN SANKEY, by and through his attorney, CHARLES W. COE, to state and allege the following as his cause of action for his complaint.

I

This court has jurisdiction over this cause of action pursuant to 28 U.S.C. 1346(b) and 28 U.S.C. 2671, et seq., (the Federal Tort Claims Act) as hereinafter more fully appears.

II

Venue is proper in the United States District Court for the District of Alaska pursuant to 28 U.S.C. 1402(b). The plaintiff was a resident within the District of Alaska when this incident occurred and when the act or omission complained of occurred within the District of Alaska.

III

A Federal Tort Claim was filed with the United States Postal Service on October 26, 2006. This claim was administratively denied by the Postal Service on April 10, 2007 and suit is permitted under 28 U.S.C. 2675.

IV

The United States of America is a defendant in this matter in that the U.S. Postal Service is a department of the United States government and is vicariously liable for the acts/omissions of their employees, representatives, contractors, and agents under the theories of respondeat superior, agency, negligence, joint enterprise, negligent entrustment, and negligent supervision. The term defendant in this complaint means United States and/or U.S. Postal Service acting through their employees, representatives, contractors and/or agents.

V

All events relevant to the cause of action of this complaint occurred in the state of Alaska.

VI

On or about November 14, 2004, plaintiff was picking up and dropping off mail at the post office in Anchorage, Alaska, also known as the Airport Post Office, when he slipped and fell in the walking area around the exterior of the post office.

VII

As a result of defendant's actions plaintiff suffered the injuries set forth in paragraph XIV of this complaint.

First Cause of Action

VIII

Plaintiff realleges and incorporates the facts and allegations of paragraph I through VII into this First Cause of Action.

IX

Defendants owed a duty to users of the property to keep its exterior walkways/parking lots clear of snow and ice, as well as to inspect, maintain, repair, and monitor its property. Defendant breached this duty in failing to maintain, monitor, inspect, repair, and warn users of the property and in failing to keep the exterior areas safe from snow and ice and as a result of this breach of duty defendant was negligent.

X

As a direct and proximate result of defendant's negligence plaintiff incurred damages set forth in paragraph XIV of this complaint.

## Second Cause of Action

### XI

Plaintiff realleges and incorporates the facts and allegations of paragraph I through X into this Second Cause of Action.

### XII

Defendant was negligent per se in that their actions violated the laws of the state of Alaska and government regulations in failing to sand and/or keep its premises clear of snow and ice.

### XIII

As a direct and proximate result of defendant's negligence, per se, plaintiff incurred the injuries set forth in paragraph XIV of this complaint.

### XIV

As a direct and proximate result of defendant's acts, plaintiff incurred the following damages:

1. Injuries to his shoulder, head, back, and neck;
2. Medical and medication expenses in the past, present, and future;
3. Lost wages or lost earning capacity;
4. Physical and emotional pain and suffering in the past, present, and future;
5. Permanent impairment, discomfort, and the loss of enjoyment of life; and
6. Other damages to be proven at trial.

WHEREFORE, plaintiff prays for a judgment against the defendant as follows:

1. Compensatory damages in a sum to be proven at trial within the amount originally claimed in the administrative claims process;

2. Costs and attorney fees as allowed under the Federal Tort Claims Act; and

3. For such other relief as this court deems just and equitable.

DATED this 27th day of April, 2007.

By: s/Charles W. Coe
Attorney for Plaintiff
805 W 3rd Avenue, Suite #100
Anchorage, Alaska 99501
Phone: (907) 276-6173
charlielaw@gci.net
ABA#7804002